98 F.3d 1358
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Asuncion S. GUECO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3123.
 United States Court of Appeals, Federal Circuit.
 Oct. 3, 1996.
 
 Before NEWMAN, RADER, and BRYSON, Circuit Judges.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision that Asuncion S. Gueco was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq. Gueco has not responded.
 
 
 2
 Gueco was employed as a cocktail waitress by the Department of the Air Force at Clark Air Force Base, in the Philippines, from 1962 until she retired in 1991. After Gueco retired, she applied for retirement benefits under the CSRA. OPM denied Gueco's application, and she appealed to the Board. The Administrative Judge (AJ) determined that Gueco was employed by nonappropriated fund instrumentalities (NAFIs) during her entire career, and the AJ stated that a NAFI employee is not considered an employee of the United States under the Civil Service Retirement System (CSRS). See 5 U.S.C. § 2105(c). The AJ concluded that Gueco's employment:
 
 
 3
 does not meet any of the criteria provided by the CSRS for coverage since she was not an employee subject to the CSRS on the day before the date of the enactment of the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986, nor is there any indication that the appellant performed the duties referenced in the statute. See 5 U.S.C. § 8332(b)(16); Suarez v. Office of Personnel Management, 58 M.S.P.R. 639 (1993). Accordingly, this service was neither creditable, nor covered by the CSRS.
 
 
 4
 After the Board denied Gueco's petition for review, Gueco petitioned this court for review.
 
 
 5
 As a threshold matter, the court notes that the briefing schedule in this case had been stayed pending the final disposition of Cabbab v. Office of Personnel Management, 70 F.3d 1290 (Fed.Cir.1995) (table). This court addressed the NAFI issue, however, in Dupo v. Office of Personnel Management, 69 F.3d 1125 (Fed.Cir.1995). We held that service under a NAFI "is not, as a general rule, creditable service for purposes of the CSRA":
 
 
 6
 According to 5 U.S.C. § 2105(c) (1994), a NAFI employee is explicitly excluded from the definition of an "employee" for purposes of the laws administered by OPM, except where otherwise provided. The CSRA is a law administered by OPM. See 5 U.S.C. § 8347(a).
 
 
 7
 Dupo, 69 F.3d at 1128. We noted, however, that an individual who was employed by a NAFI is entitled to civil service retirement credit if the employee satisfies three requirements: (1) the service was performed between June 18, 1952 and January 1, 1966; (2) the service performed during that period involved "conducting" certain activities for personnel of the armed forces; and (3) the individual was an employee subject to the CSRA on November 9, 1986. See 5 U.S.C. § 8332(b)(16). We determined that although Dupo's service satisfied the first requirement, it did not satisfy the second or third requirements. We noted that there was no evidence that Dupo "led, managed or directed any of the recreational activities described in section 8332(b)(16)." Further, we determined that Dupo had been separated from his service with the Navy on January 30, 1981, and thus was not subject to the CSRA on November 9, 1986. We concluded that Dupo did not have creditable service within the meaning of the CSRA.
 
 
 8
 OPM argues that the Board's decision that Gueco was not entitled to retirement benefits should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In this case, a portion of Gueco's NAFI service, like Dupo's, satisfies the first requirement because it was performed between June 18, 1952 and January 1, 1966. However, there is no evidence that Gueco led, managed, or directed any of the recreational activities listed in § 8332(b)(16). Further, Gueco's service does not satisfy the third requirement because, although she was serving on November 9, 1986, she was not an employee subject to the CSRA on that date. See 5 U.S.C. § 2105(c) ("An employee paid from nonappropriated funds of the Army and Air Force Exchange Service, Army and Air Force Motion Picture Service, Navy Ship's Stores Ashore, Navy exchanges, Marine Corps exchanges, Coast Guard exchanges, and other instrumentalities of the United States under the jurisdiction of the armed forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces is deemed not an employee for purposes of--(1) laws administered by the Office of Personnel Management...."); see also 5 U.S.C. § 8332(b)(16).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) OPM's motion for summary affirmance is granted.
 
 
 11
 (2) Each side shall bear its own costs.